| | | |
|---|---|---|
| **BRITTANI ATWOOD,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **CASE NO. _____** |
| | ) | |
| **JCF RESIDENCES MANAGEMENT** | ) | **JUDGE _____** |
| **COMPANY, LLC, JCF RESIDENCES** | ) | |
| **DEVELOPMENT COMPANY, LLC, and** | ) | **JURY DEMAND** |
| **JOHN FITZMAURICE,** | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

1.       Plaintiff Brittani Atwood brings this case against Defendants JCF Residences Management Company, LLC, JCF Residences Development Company, LLC, and John Fitzmaurice (collectively "Defendants" or "JCF"), which do business as JCF Living and JCF Residences. Plaintiff, who worked for Defendants, lost her childcare for one of her two children due to the COVID-19 pandemic and, as a result, was forced first to telecommute some days and ultimately to request leave provided under the Families First Coronavirus Response Act ("FFCRA"), including the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and the Emergency Paid Sick Leave Act ("EPSLA"). Plaintiff was denied the leave she requested and Defendants terminated her employment shortly after she made the request. Plaintiff seeks relief for the damages caused by Defendants' violations of the Family and Medical Leave Act ("FMLA") as amended by the FFCRA and the Fair Labor Standards Act ("FLSA"), Defendants' breach of contract, and promissory estoppel.

## I. JURISDICTION AND VENUE

2.       This Court has jurisdiction over Plaintiffs' claims because they raise a federal

question pursuant to 28 U.S.C. § 1331.

3.     This Court has jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

5.     Plaintiff Brittani Atwood is over the age of nineteen (19) and is a resident of Thompson's Station, Williamson County, Tennessee. Plaintiff Atwood was employed by Defendants to handle home design development from about February 2018 until on or around June 4, 2020, when Defendants informed her via email of the termination of her employment.

6.     Plaintiff had been employed by Defendants for more than 30 days prior to requesting leave under the FFCRA and is therefore an eligible employee within the meaning of the FMLA as amended by the EFMLEA. *See* 29 U.S.C. § 2620(a)(1)(A).

7.     Plaintiff is an employee covered by EPSLA, Public Law 116-127 § 5110(1), and the FLSA, 29 U.S.C. § 203(e).

8.     Defendant JCF Residences Management Company, LLC is a Delaware limited liability company headquartered in this judicial district at 2206 Spedale Court, Suite 6, Spring Hill, Tennessee 37174-6138.

9.     Defendant JCF Residences Management Company, LLC is a person engaged in commerce and in an industry or activity affecting commerce who employs fewer than 500 employees and is therefore an employer within the meaning of the FMLA as amended by the EFMLEA. *See* 29 U.S.C. §§ 2611(4)(A)(i), 2620(a)(1)(B).

10.     Defendant JCF Residences Management Company, LLC is an employer covered

by the EPSLA, Public Law 116-127 § 5110(2), and the FLSA, 29 U.S.C. § 203(d).

11.     Defendant JCF Residences Development Company, LLC is a Delaware limited liability company headquartered in this judicial district at 2206 Spedale Court, Suite 6, Spring Hill, Tennessee 37174-6138.

12.     Defendant JCF Residences Development Company, LLC is a person engaged in commerce and in an industry or activity affecting commerce who employs fewer than 500 employees and is therefore an employer within the meaning of the FMLA as amended by the EFMLEA. *See* 29 U.S.C. §§ 2611(4)(A)(i), 2620(a)(1)(B).

13.     Defendant JCF Residences Development Company, LLC is a covered employer within the meaning of the EPSLA, Public Law 116-127 § 5110(2), and the FLSA, 29 U.S.C. § 203(d).

14.     Defendant John Fitzmaurice is the owner and sole member of Defendants JCF Residences Management Company, LLC and JCF Residences Development Company, LLC and controls their operations on a day-to-day basis.

15.     Defendant John Fitzmaurice has the following authority with respect to employees of Defendants JCF Residences Management Company, LLC and JCF Residences Development Company, LLC: setting of employment policies, including, but not limited to, policies for employee leave; hiring, firing, and disciplining employees; approving and denying leave requests, both under policies and pursuant to statutes, including the FMLA, EFMLEA, and EPSLA; creating job positions; determining job responsibilities and descriptions; assigning and overseeing employee's performance of tasks; reviewing and evaluating employee performance; etc.

16.     Defendant John Fitzmaurice is therefore a person engaged in commerce or in any

industry or activity affecting commerce who employs fewer than 500 employees and is a person who acts directly and indirectly in the interest of Defendants JCF Residences Management Company, LLC and JCF Residences Development Company, LLC.

17. Accordingly, Defendant John Fitzmaurice is an employer within the meaning of the FMLA as amended by the EFMLEA, *see* 29 U.S.C. §§ 2611(4)(A)(i), 2620(a)(1)(B), and is a covered employer within the meaning of the EPSLA, Public Law 116-127 § 5110(2), and the FLSA, 29 U.S.C. § 203(d).

### III. FACTS

18. Plaintiff worked for Defendants to handle home design development from about February 2018 until on or around June 4, 2020, when Defendants informed her via email of the termination of her employment.

19. On or around March 16, 2020, Plaintiff informed Defendants that Williamson County Schools, where her 10-year old daughter attended school, had canceled school through April 2020 and made clear that this would result in child-care difficulties.

20. Defendant Fitzmaurice instructed Plaintiff to split her work time between in-office and telecommuting from home in order to accommodate her child-care needs.

21. This school cancellation was eventually extended to the remainder of the 2019-2020 school year and Plaintiff continued working from home part of the time in order to meet child-care needs for her daughter.

22. When the school year ended, summer child-care options were canceled as well.

23. Plaintiff therefore requested leave under the FFCRA's paid and unpaid leave provisions, the EPSLA and the EFMLEA on May 21, 2020.

24. Plaintiff initially received no response to her request for the necessary paperwork

to formally request leave.

25.     Plaintiff was provided the paperwork for this leave and submitted the formal paperwork on or around May 25, 2020.

26.     Defendants did not inform Plaintiff of the status of this request until Defendants provided her with a letter informing her that her employment was terminated via email on or around June 4, 2020.

## IV. CAUSES OF ACTION

### COUNT I
### EFMLEA INTERFERENCE

27.     All previous paragraphs are incorporated as though fully set forth herein.

28.     Plaintiff is an eligible employee under the EFMLEA.

29.     Plaintiff sought leave under the EFMLEA because she was unable to work (or telework) due to a need for leave to care for her 10-year old daughter because her daughter's school had been closed and no other child care for her 10-year old daughter was available due to the public health emergency resulting from the COVID-19 pandemic.

30.     Plaintiff sought this leave after the EFMLEA took effect and before December 31, 2020.

31.     As an eligible employee under EFMLEA, Plaintiff was entitled to leave, including paid leave, because of a qualifying need related to a public health emergency. *See* 29 U.S.C. § 2612(a)(1)(F).

32.     Defendants are employers obligated to comply with the provisions of the EFMLEA.

33.     Defendants knew Plaintiff was eligible for and entitled to EFMLEA leave.

34.     However, when Plaintiff requested EFMLEA leave, Defendants refused to

5

respond to her request and terminated her employment.

35. By terminating her employment, Defendants interfered with, restrained, and denied the exercise of and the attempt to exercise her rights under EFMLEA, in violation of 29 U.S.C. § 2615(a)(1).

36. Because Defendants knew of Plaintiff's entitlement to EFMLEA leave, this violation was willful.

37. As a result of this violation, Plaintiff is entitled to recover all wages, salary, employment benefits, or other compensation denied or lost; interest on those damages at the prevailing rate; an amount equal to the damages and interest as liquidated damages; such equitable relief as may be appropriate, including employment, reinstatement, and promotion; and her attorneys' fees and costs.

<u>COUNT II</u>
**EFMLEA RETALIATORY DISCHARGE**

38. All previous paragraphs are incorporated as though fully set forth herein.

39. Plaintiff is an eligible employee under the EFMLEA.

40. Plaintiff sought leave under the EFMLEA because she was unable to work (or telework) due to a need for leave to care for her 10-year old daughter because her daughter's school had been closed and no other child care for her 10-year old daughter was available due to the public health emergency resulting from the COVID-19 pandemic.

41. Plaintiff sought this leave after the EFMLEA took effect and before December 31, 2020.

42. As an eligible employee under EFMLEA, Plaintiff was entitled to leave, including paid leave, because of a qualifying need related to a public health emergency. *See* 29 U.S.C. § 2612(a)(1)(F).

6

43.     Defendants are employers obligated to comply with the provisions of the EFMLEA.

44.     Defendants knew Plaintiff was eligible for and entitled to EFMLEA leave.

45.     However, when Plaintiff requested EFMLEA leave, Defendants refused to respond to her request and terminated her employment.

46.     Defendants discharged Plaintiff in retaliation for her exercise of her rights under EFMLEA, in violation of 29 U.S.C. § 2615(a)(1).

47.     Because Defendants knew of Plaintiff's entitlement to EFMLEA leave, this violation was willful.

48.     As a result of this violation, Plaintiff is entitled to recover all wages, salary, employment benefits, or other compensation denied or lost; interest on those damages at the prevailing rate; an amount equal to the damages and interest as liquidated damages; such equitable relief as may be appropriate, including employment, reinstatement, and promotion; and her attorneys' fees and costs.

## COUNT III
## EPSLA/FLSA MINIMUM WAGE

49.     All previous paragraphs are incorporated as though fully set forth herein.

50.     Plaintiff is an employee under the EPSLA.

51.     Plaintiff sought paid sick leave under the EPSLA because she was unable to work (or telework) due to a need for leave in order to care for her daughter whose school had been closed and for whom no other child-care provider was available due to COVID–19 precautions.

52.     Plaintiff sought this leave after the EPSLA took effect and before December 31, 2020.

53.     As an employee under EPSLA, Plaintiff was entitled to paid sick leave. *See*

7

Public Law 116-127 § 5102.

54.     Defendants are employers obligated to comply with the provisions of the EPSLA.

55.     Defendants knew Plaintiff was eligible for and entitled to EPSLA paid sick leave.

56.     However, when Plaintiff requested EPSLA paid sick leave, Defendants refused to respond to her request and terminated her employment.

57.     By terminating her employment, Defendants knowingly denied Plaintiff EPSLA paid sick leave to which she was entitled, in violation of Public Law 116-127 § 5102.

58.     As a result of this violation, Defendants are considered to have failed to pay minimum wages in violation of Section 6 of the FLSA, 29 U.S.C. § 206, as set forth in Public Law 116-127 § 5105.

59.     Because Defendants knew of Plaintiff's entitlement to EPSLA paid sick leave, this violation was willful.

60.     As a result of this violation, Plaintiff is entitled to recover all unpaid minimum wages; an amount equal to the unpaid minimum wage damages as liquidated damages; and her attorneys' fees and costs.

## COUNT IV
## EPSLA/FLSA RETALIATION

61.     All previous paragraphs are incorporated as though fully set forth herein.

62.     Plaintiff is an employee under the EPSLA.

63.     Plaintiff sought paid sick leave under the EPSLA because she was unable to work (or telework) due to a need for leave in order to care for her daughter whose school had been closed and for whom no other child-care provider was available due to COVID–19 precautions.

64.     Plaintiff sought this leave after the EPSLA took effect and before December 31, 2020.

8

65.    As an employee under EPSLA, Plaintiff was entitled to paid sick leave. *See* Public Law 116-127 § 5102.

66.    Defendants are employers obligated to comply with the provisions of the EPSLA.

67.    Defendants knew Plaintiff was eligible for and entitled to EPSLA paid sick leave.

68.    However, when Plaintiff requested EPSLA paid sick leave, Defendants refused to respond to her request and terminated her employment.

69.    By terminating her employment, Defendants knowingly denied Plaintiff EPSLA paid sick leave to which she was entitled and retaliated against Plaintiff for seeking to take such leave, in violation of Public Law 116-127 § 5104.

70.    Because Defendants knew of Plaintiff's entitlement to EPSLA paid sick leave, this violation was willful.

71.    As a result of this willful violation of Public Law 116-127 § 5104, Defendants are considered to be in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), as set forth in Public Law 116-127 § 5105.

72.    As a result of this violation, Plaintiff is entitled to such legal or equitable relief as may be appropriate, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages as well as her attorneys' fees and costs.

### COUNT V
### BREACH OF CONTRACT
### (asserted in the alternative to Counts I–IV)

73.    All previous paragraphs are incorporated as though fully set forth herein.

74.    Plaintiff and Defendants are parties competent to enter into binding contracts.

75.    Plaintiff and Defendants entered into a binding employment contract whereby

9

Plaintiff would perform services for Defendants in exchange for compensation.

76.     Due to the COVID-19 pandemic and the public health emergency it created, the parties mutually agreed that Plaintiff could perform these duties from home some of the time in order to care for her 10-year old daughter whose school had closed.

77.     Pursuant to this agreement, Plaintiff performed her work duties some of the time from home.

78.     In breach of their agreement, Defendants terminated Plaintiff's employment for not working from the office.

79.     As a result, Plaintiff has suffered damages, including lost wages and employment benefits, which, but for Defendants' breach of this agreement, would have been paid to Plaintiff.

**COUNT VI**
**PROMISSORY ESTOPPEL**
**(asserted in the alternative to Counts I–V)**

80.     All previous paragraphs are incorporated as though fully set forth herein.

81.     As alleged herein, Defendants employed Plaintiff.

82.     Due to the COVID-19 pandemic and the public health emergency it created, Defendants promised Plaintiff that she could work some of the time from home in order to care for her 10-year old daughter whose school had closed.

83.     In other words, Defendants promised Plaintiff that she would continue to be compensated from her work, even when that work was performed from home, and that it would not impact her employment with Defendants.

84.     Defendants should reasonably have expected this promise to induce action or forbearance on the part of Plaintiff. Specifically, Defendants should have reasonably expected that this promise would induce Plaintiff to work from home.

10

85. Plaintiff relied on this promise to her detriment. Specifically, Plaintiff worked from home, and Defendants terminated Plaintiff's employment for not working from the office.

86. Plaintiff's reliance on this promise was reasonable and justifiable in light of the COVID-19 pandemic and the public health emergency it created, the closure of her 10-year old daughter's school without other available child-care options, and the ostensible permission of her employer to work from home, among other reasons.

87. The detriment Plaintiff suffered, the loss of her job, including all wages and employment benefits Plaintiff received as a result of her job, is substantial in an economic sense.

88. The substantial loss to the Plaintiff acting in reliance on Defendants' promise was foreseeable by Defendants, who made the promise to Plaintiff and terminated her employment for the precise conduct the promise was intended to induce, namely, working from home.

89. Injustice can be avoided only by enforcement of the promise. Thus, Defendants must pay Plaintiff for the wages and employment benefits lost as a result of the termination of her employment.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of themselves and all others similarly situated:

A. A finding that Defendants have violated the EFMLA;

B. A finding that Defendants have violated the EPSLA and the minimum wage and retaliation provisions of the FLSA, in accordance with the provisions of the EPSLA;

C. A finding that Defendants' EFMLA, EPSLA, and FLSA violations are willful;

D. A finding that Defendants have breached their contract with Plaintiff;

E. A finding that Defendants made promises on which Plaintiff justifiably relied to

11

her detriment, suffering damages as a result;

F.     A judgment against Defendants and in favor of Plaintiff for:

     i.     All available relief for Defendants' violations of EFMLEA, including all wages, salary, employment benefits, and other compensation denied and lost; interest on those damages at the prevailing rate; an amount equal to the damages and interest as liquidated damages; and, such equitable relief as may be appropriate, including employment and reinstatement;

     ii.     All available relief for Defendants' violations of EPSLA, including all legal and equitable relief available under the EPSLA and the FLSA; all unpaid minimum wages; an amount equal to the unpaid minimum wage damages as liquidated damages; all wages lost; an additional amount equal to all wages lost as liquidated damages; such equitable relief as may be appropriate, including without limitation employment and reinstatement;

     iii.     All damages resulting from Defendants' breach of their contract with Plaintiff, including lost back and front wages and employment benefits; and,

     iv.     All damages suffered by Plaintiff due to her detrimental reliance on Defendants' promise to permit her to work from home, including lost back and front wages and employment benefits;

G.     Prejudgment and post-judgment interest to the fullest extent permitted under the EFMLEA, the EPSLA, the FLSA, and all other applicable laws;

H.     Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the EFMLEA, the EPSLA, the FLSA, the common law of contract and promissory estoppel, and the Federal Rules of Civil Procedure; and,

I.     Such other and further relief as this Court deems just and proper in equity and

under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: September 18, 2020

Respectfully submitted,

/s/ David W. Garrison

**DAVID W. GARRISON (TN Bar No. 24968)**
**JOSHUA A. FRANK (TN Bar No. 33294) ***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiffs*

13